UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIOVANT LLC d/b/a BIOVANTE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1525-X |
| | § | |
| BTI AG LLC, et al., | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Chris Gorman's Motion to Dismiss. (Doc. 67). Having carefully considered the motion, response, and applicable law, the Court **DENIES** the motion as the Court has found sufficient factual allegations to assume specific personal jurisdiction over Defendant Gorman.

### **I. Factual Background**

This multi-party dispute involves, among other things, claims of fraud, unfair competition, trade secret misappropriation, and multiple conspiracy claims surrounding an agricultural biotechnology partnership. Plaintiff Biovant LLC d/b/a Biovante (Biovante) asserts twelve claims against Defendant Chris Gorman: eleven conspiracy claims and one claim of knowing participation in breach of fiduciary duty. Defendant Gorman filed the present Motion to Dismiss, asserting that this Court does not have personal jurisdiction over him for this action.

## II. Legal Standard

"A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment."[1] The Texas long-arm statute extends to the limits of federal due process, therefore, the inquiry is essentially a single step inquiry.[2] "To satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[3]

As to the first consideration, establishing minimum contacts requires demonstrating contacts sufficient to assert either general or specific personal jurisdiction.[4] Specific personal jurisdiction is a three-step inquiry: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[5] The Fifth Circuit has

---

[1] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

[2] *Id.*

[3] *Id.* (cleaned up).

[4] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

[5] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

established that specific personal jurisdiction is a claim-specific inquiry.[6] "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."[7]

Where a party moves to dismiss a complaint under Rule 12(b)(2), the plaintiff must make a prima facie showing of jurisdiction where the Court does not hold a hearing.[8] The Court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."[9]

### III. Analysis

Resolving all facts in favor of jurisdiction, the Court finds there are enough factual allegations to assume specific personal jurisdiction based on Gorman's minimum contacts with Texas. These contacts are detailed below.

Gorman worked for Biovante, which conducted operations in Texas and received payments in Texas. Gorman traveled once to the Texas facility to meet Mark Ma and Al Toops. Gorman was aware of Biovante's Texas presence and signed a non-disclosure agreement governed by Texas law. Biovante alleges that Gorman told Biovante distributors, dealers, retailers, and customers about a new Texas company Gorman had started with Ma and Toops, BioTech Innovations. Under these facts, it appears that Gorman should have reasonably anticipated being haled into court in Texas.

---

[6] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

[7] *Id.*

[8] *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020); *see also Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

[9] *McFadin*, 587 F.3d at 758 (cleaned up).

Second, the Court determines that Biovante's claims against Gorman arise from or relate to Gorman's Texas contacts. As Biovante's conspiracy claims all arise from Gorman's own contacts with Texas, the Court assumes jurisdiction over the eleven conspiracy claims against Gorman. The Court is sensitive to Gorman's argument that jurisdiction cannot arise from a non-resident defendant's alleged conspiracy with a Texas resident.[10] However, Biovante alleges that Gorman conspired with both residents and non-residents using a Texas based entity, among other things. Gorman's contact with the other defendants does not matter for purposes of jurisdiction; Gorman's individual contacts with Texas do. Those include Gorman's visit to Texas, his signature to an agreement governed by Texas law, and allegedly directing business to the Texas-based company, BioTech Innovations.

Similarly, the Court finds Biovante's claim for knowing participation in breach of fiduciary duty also arises from Gorman's contacts with Texas. Gorman signed a non-disclosure agreement governed by Texas law that required that he not disclose Biovante's confidential information. Further, resolving all disputed facts in favor of jurisdiction, Gorman directed Biovante's contacts and customers to the Texas-based competitor. The Court finds that this claim arises out of Gorman's individual contacts with Texas.

The second consideration in the due process analysis of personal jurisdiction is whether the exercise of jurisdiction will offend "traditional notions of fair play and

---

[10] *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 887 (Tex. 2017).

substantial justice."[11]  Gorman has not argued, nor does the Court find, any compelling reason why exercising jurisdiction over Gorman in this case offends traditional notions of fair play and substantial justice.

### IV. Conclusion

Because this court has found sufficient facts to assume specific personal jurisdiction, Gorman's motion to dismiss is **DENIED.**

**IT IS SO ORDERED** this 6th day of November, 2024.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up).